(56 Misc. Rep. 582.)

### ZIEGLER v. GEORGE SCHLEICHER CO.

(Supreme Court, Appellate Term.    November 29, 1907.)

1. APPEAL—RIGHT OF REVIEW—PERSONS ENTITLED.
    Under Code Civ. Proc. § 1296, a person not a party to a proceeding and having no interest therein cannot appeal.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 925–933.]

2. CORPORATIONS—PROCESS—SERVICE UPON—SUFFICIENCY.
    Service of process on a person as an individual is not service on a company of which he is president.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 1978, 1982, 1991.]

3. JUDGMENT—PARTIES—SUBSTITUTION.
    A judgment against a substituted defendant, who was not served with process, cannot be sustained.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 25–33.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jacob B. Ziegler against George Schleicher. Pending the trial the George Schleicher Company was substituted for George Schleicher. From a judgment for plaintiff, George Schleicher and the George Schleicher Company both appeal. Appeal dismissed as to George Schleicher, and reversed as to the George Schleicher Company

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Norman W. Kerngood (Alfred Pagilow, of counsel), for appellant. Harry Edwards, for respondent.

PER CURIAM. Plaintiff brought this action against one George Schleicher to recover the sum of $50 alleged to have been paid by fraud and mistake. The parties plaintiff and defendant continued the

same until the issue was tried. At the very moment plaintiff sued he had in his possession a written agreement, out of which the alleged fraud and mistake occurred, signed on the one part by his wife, and on the other part by "George Schleicher Co." This was some notice to him that others were concerned in the transaction besides Schleicher individually; but until the trial, so far as appears, no attention was given to the subject. In the midst of the trial plaintiff was confronted with the fact that he had proceeded against the wrong party defendant, and to remedy the mischief the court permitted an amendment of the process by substituting for the defendant served a new defendant styled "George Schleicher Company," never served. It does not appear whether this company is a corporation or an association of seven or more persons; but we are informed that George Schleicher is the president of the company, and because Schleicher was served, and because he admitted he was the president of the company, the court ruled:

"We will amend the summons to read 'George Schleicher Company'; it appearing that the defendant company was served with the summons."

The defendant excepted, and proceeded with his defense, and at the close of the trial moved for judgment. The motion was denied, and an exception noted. Judgment was rendered in favor of the plaintiff against the George Schleicher Company for $65.62. George Schleicher, the original defendant, disappeared from the case. Both he, and the George Schleicher Company, the substituted defendant, appeal.

A person not a party to a proceeding cannot appeal. People ex rel. Turner v. Sanborn, 46 App. Div. 630, 61 N. Y. Supp. 529. Section 1296, Code Civ. Proc., enacts when a person not a party may appeal; but that section makes no provision for a case like the one at bar.

The appeal as to George Schleicher must be dismissed, with costs to respondent.

The judgment against the substituted defendant cannot be sustained, for it was never served with process, and as to it is coram non judice. If execution was allowed to issue, and the property of the George Schleicher Company levied upon to satisfy the judgment, it is self-evident that such a levy and taking would offend the fundamental law of the state, which provides that no person shall be deprived of his property without due process of law.

The judgment as to the George Schleicher Company must be reversed, and the complaint dismissed, with costs to appellant.